Alan H. Weinreb, Esq.
THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 945-6055
alan@nyfclaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
WINDWARD BORA LLC,

                Plaintiff,

       -against-                                    VERIFIED COMPLAINT

JOHN FRUSCIANTE; ROBERT M. SCORES,
                Defendant(s).
---------------------------------------------------------------X

      Plaintiff, Windward Bora LLC ("Windward Bora" or "Plaintiff"), by and through its attorneys, The Margolin & Weinreb Law Group, LLP as and for its Verified Complaint of foreclosure of the premises and mortgage against Defendants John Frusciante and Robert M. Scores (the "Defendants"), respectfully alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.*, to foreclose on a mortgage encumbering the property commonly known as 88 Velie Road, Lagrangeville, NY 12540 known on the Dutchess County Tax Map as Section: 6560 Block: 01 Lot: 181887 in the County of Dutchess and State of New York (the "Subject Property"). The Legal Description of the property is annexed hereto as Exhibit "A".

## PARTIES

2. Windward Bora LLC is a limited liability company organized under the laws of the State of Delaware. Windward Bora LLC is a single member limited liability company, whose sole member, Yonel Devico, is a citizen of the Kingdom of Morocco. Devico is lawfully admitted

for permanent residence in the United States and is domiciled in the State of Florida. For the purposes of diversity, Windward Bora LLC is a citizen of Florida.

3. John Frusciante, upon information and belief, is a resident and citizen of the State of New York, having an address at 88 Velie Road, Lagrangeville, NY 12540. John Frusciante is a necessary party defendant to this action by virtue of the fact that he (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) is the borrower of the loan; and (iii) is the Mortgagor under the Mortgage.

4. Robert M. Scores, upon information and belief, is a resident and citizen of the State of New York, having an address at 88 Velie Road, Lagrangeville, NY 12540. Robert M. Scores is a necessary party defendant to this action by virtue of that fact that he (i) was present at the time of the execution of the Mortgage (as such terms are defined below); (ii) is the Mortgagor under the Mortgage; and (iii) is the owner of the subject property.

5. Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

6. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

7. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Subject Property is located in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

8. This action is brought to foreclose a mortgage made by John Frusciante and Robert M. Scores set out as follows: Mortgage dated April 19, 2007 made by John Frusciante and Robert M. Scores to National City Bank to secure the sum of $141,700.00 and interest, recorded on August 10, 2007 in Document Number: 01 2007 11315 in the Dutchess County Clerk's Office. Said lien covers premises known as 88 Velie Road, Lagrangeville, NY 12540. A copy of the Mortgage is annexed as Exhibit "B".

9. On April 19, 2007, John Frusciante executed and delivered a Note to National City Bank in the amount of $141,700.00. The Note was subsequently transferred by the affixation of proper allonge to the Note. A copy of the Note with allonge is annexed as Exhibit "C".

10. The Mortgage was assigned by Assignment of Mortgage as follows:

    a) **Assignor:** PNC Bank, National Association, successor by merger to National City Bank
    **Assignee:** Windward Bora, LLC
    **Dated:** June 15, 2011 **Recorded:** May 6, 2011
    Document Number: 01-2020-50702A

    A copy of the Assignment is annexed hereto as Exhibit "D".

11. Any applicable recording tax was duly paid at the time of recording said mentioned mortgage.

12. Plaintiff is in physical possession and is the owner and holder of said original Note and Mortgage.

13. John Frusciante and Robert M. Scores have failed to comply with the terms and provisions of the said Mortgage and said instruments secured by the Mortgage, by failing to make the Monthly Payments due on April 1, 2014 and the default continues to date.

14. Plaintiff has complied with the contractual provisions in the loan documents in that Default Notice to cure was issued on January 15, 2020 to John Frusciante and Robert M. Scores (the

"Default Notice") advising of possible acceleration of the loan and that by virtue of their continuing default under the Note and Mortgage, if the arrears are not cured, Plaintiff may declare that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable. The 90-day notice provided by RPAPL §1304(1) (the "90 Day Notice") was issued on January 15, 2020 to John Frusciante and Robert M. Scores. Plaintiff has complied with the registration requirements of RPAPL §1306(1). Copies of the Default Notice and 90 Day Notice with proof of mailing and registration are annexed hereto as Exhibit "E".

15. Pursuant to RPAPL Section 1302 as amended, the Plaintiff has complied with all the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL Section 1304, except where it is exempt from doing so.

16. Plaintiff is in compliance with Section Nine-X of the New York State Banking Law, if applicable.

17. As of the date herein, John Frusciante and Robert M. Scores have failed to respond to the Default Notice and the 90 Day Notice.

18. Due to the above-described default, Defendants John Frusciante and Robert M. Scores are indebted to Plaintiff pursuant to the terms of the Note and Mortgage for:

    a. The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges which sum as of January 15, 2020 amounts to $213,628.07:

    b. Attorney's fees and other costs and disbursements, payable to Windward Bora LLC under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and

    c. Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

19. Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following:

    a. Any state of facts that an inspection of the premises would disclose.

    b. Any state of facts that an accurate survey of the premises would show.

    c. Covenants, restrictions, easements and public utility agreements of record, if any.

    d. Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

    e. Any right of tenants or person in possession of the subject premises.

    f. Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

    g. Prior lien(s) of record, if any.

20. In the event that Plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

21. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinfore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

22. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof.

**WHEREFORE**, on the first cause of action, the Plaintiff demands judgment that the Defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and each and every part and parcel thereof; that the premises may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this complaint; that the monies arising from the sale thereof may be bought into Court; that the Plaintiff may be paid the amount due on the Note and Mortgage as hereinfore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of Plaintiff's Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said premises during the pendency of this action with the usual powers and duties; and that Defendants John Frusciante and Robert M. Scores may be adjudged to pay the whole residue (unless discharged of this debt by the United States Bankruptcy Court), or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment, and that in the event that Plaintiff possesses

any other lien(s) against said mortgage premises either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the premises to Plaintiff, and that the Plaintiff may have such other and further relief, or both, in the premises, as may be just and equitable.

Dated: September 14, 2020
       Syosset, New York

                              Yours, etc.
                              The Margolin & Weinreb
                              Law Group, LLP
                              Attorneys for Plaintiff

                              By: /s/ Alan H. Weinreb
                                    Alan H. Weinreb, Esq.

## **VERIFICATION BY ATTORNEY**

**ALAN H. WEINREB**, an attorney duly admitted to practice before the courts of this state and associated with the attorneys of record for the plaintiff, affirms under the penalties of perjury that: I have read the foregoing Complaint and the same is true to my own knowledge except as to matters alleged to upon information and belief as to those matters I believe them to be true. The grounds of my belief as to matters not based upon personal knowledge are communications with plaintiff or officers and/or agents of plaintiff and copies of plaintiff's records in my possession. This affirmation is made by me because plaintiff is not in a county in which my firm has its office.

Dated: September 14, 2020
Syosset, New York

　　　　　　　　　　　　　　　　　　　 /s/ Alan H. Weinreb
　　　　　　　　　　　　　　　　　　**ALAN H. WEINREB**