Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Max H. Siegel
212.390.9063
msiegel@selendygay.com

January 31, 2023

**Via ECF**

Hon. Philip M. Halpern
U.S. District Court for the Southern District of New York
Hon. Charles L. Brieant Jr. Federal Building
300 Quarropas Street, Room 530
White Plains, NY 10601

> Application denied. Scores shall file the following by 2/15/2023: (1) a witness list, including a brief description of each witness's role, subject matter of his or her anticipated testimony, and the amount of court time needed for each; (2) a list of exhibits to be offered; and (3) a statement of the damages claimed, itemizing each component or element of the damages sought with respect to each claim and including the manner and method used to calculate the claimed damages.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> February 1, 2023

Re: *Windward Bora LLC v. Frusciante*, No. 7:20-cv-7511 (PMH) (S.D.N.Y.)

Dear Judge Halpern:

We write on behalf of Defendant/Counterclaimant/Cross-Claimant Robert M. Scores in the above-captioned action. This Court has scheduled a hearing on liability and an inquest on damages with respect to Scores's motion for default judgment for February 22, 2023 at 9:30 AM. ECF No. 117.

Scores is prepared to proceed with a hearing on liability on that date but respectfully requests that the Court adjourn any damages inquest until after the Court resolves the issue of liability. Scores anticipates that time, effort, and expense—including potential expert costs—will be associated with preparing for a damages inquest and thus respectfully asks the Court to adjourn the inquest so that Scores need not incur these costs until the Court has resolved the issue of liability in his favor.[1]

The parties have not requested, and the Court has not granted, any previous extensions of this deadline. Plaintiff/Counterclaim Defendant Windward Bora

---

[1] Although Scores previously requested that the Court exclude an expert at the now-cancelled trial against Plaintiff/Counterclaim Defendant Windward Bora LLC because of insufficient expert disclosures, ECF No. 88, at 9, and the Court granted that request as to all experts at that trial, ECF No. 91, this request and ruling are inapplicable to a damages inquest against a defaulting defendant, who was not entitled to Rule 26 disclosures prior to the now-cancelled trial.

Hon. Philip M. Halpern
January 31, 2023

LLC no longer has live claims in this action, and Defendant/Cross-Claim Defendant John Frusciante has defaulted.

Respectfully submitted,

/s/ Max H. Siegel

Max H. Siegel

Cc: All counsel of record (via ECF), John Frusciante (via first-class mail)